UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT of | : : | |
| ALAN FELGATE and JOHN ALLEN WALKER, as Owners of a 1987 Flying Junior Sailboat, for Exoneration from or Limitation of Liability, *Petitioners* | : : : : : : | No. 3:18-cv-910 (VLB) |
| | : | |
| IN THE MATTER OF THE COMPLAINT of CLINTON SAILING CLUB as Owner of a 1987 Flying Junior Sailboat, for Exoneration from or Limitation of Liability, *Petitioners* | : : : : : : : : : | No. 3:17-cv-1286 (VLB) March 30, 2020 |

## Ruling on Petitioners' Objection [Dkt. 80]

Claimant Laura Farnoli, as parent and next friend of Julia Farnoli, ("Claimant") filed two motions to dismiss for lack of subject matter jurisdiction. [Dkt. 46 (Mot. Dismiss as to Felgate and Walker), Dkt. 60 (Mot. Dismiss as to Clinton Sailing Club)].[1] Though the motions are styled as "motions to dismiss for lack of subject matter jurisdiction," the issues they address—ownership, knowledge, and privity— do not go to subject-matter jurisdiction, but instead to the substance of the limitation action. The motions were filed after discovery and after the deadline for summary judgment. [Dkts. 26, 27]. Both parties submitted evidence outside of the pleadings. *See, e.g.,* [Dkt. 51 (Felgate and Walker Opp. to Mot. To Dismiss), Dkt.

---

[1] All docket numbers refer to 3:18-cv-0910 entries unless otherwise specified.

55 (Exs. Supporting Farnoli Reply to Felgate and Walker Opp.)]; Dkt. 61-2 (Ex. to Mot. to Dismiss as to Clinton Sailing Club); 3:17-cv-1286 Dkt. 41 at 3 (Clinton Sailing Club Opp.) (referring to exhibits)(]. The Court recently notified the parties that, in the absence of an objection, the Court would treat the Motions to Dismiss as Motions for Summary Judgment. [Dkt. 79]. Petitioners object. [Dkt. 80]. After considering Petitioners' filing, the Court overrules Petitioners' objection for the following reasons.

   1. *Conversion of Motion to Dismiss to Motion for Summary Judgment*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Where both parties submit affidavits attached to their briefing of a motion to dismiss, Courts find that the parties had ample opportunity to present pertinent material. *Cuccolo v. Lipsky, Goodkin & Co.*, 826 F. Supp. 763, 767 (S.D.N.Y. 1993) (converting motion to dismiss to motion for summary judgment where plaintiff attached affidavit to opposition and defendant attached affidavits to reply).

Here, both parties have presented matters outside the pleadings on both of Claimant's "motions to dismiss." Neither party contests the conversion of the motion to dismiss to a motion for summary judgment. Therefore, the Court finds that the conversion is proper and beneficial to judicial economy.

   2. *Timeliness*

Petitioners object that, unless the motions are considered as motions to dismiss for subject matter jurisdiction, they are untimely, and should be stricken on that basis. [Dkt. 80].

Federal Rule of Civil Procedure Rule 16(f) sets out that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney… (c) fails to obey a scheduling or other pretrial order."[2]

When determining the appropriate sanction, the Court keeps in mind the following:

> This rule confers broad discretion on a court to fashion a remedy appropriate to the violation. The exercise of that discretion is informed by the facts of each case, including among others any pattern of noncompliance; the relevance and probative value of the untimely disclosed evidence; and any prejudice to opposing parties.

*Lory v. Gen. Elec. Co.*, 179 F.R.D. 86, 89 (N.D.N.Y. 1998).

Considered as motions for summary judgment, Claimant's motions are untimely. However, the Court finds that the sanction of denial on that grounds alone is inappropriate for the following reasons: First, Petitioners do not demonstrate a pattern of noncompliance by Claimant. Next, considering the motions contributes to judicial efficiency by narrowing any issues left for trial. Finally, Petitioners have demonstrated no prejudice – Petitioners replied to both motions, and in fact themselves provided evidence from untimely discovery. *See*

---

[2] The Court must also "order the party, its attorney, or both to pay the reasonable expenses… incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially jusitifed or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Here, Petitioners have not moved for any expenses "incurred because of any noncompliance," so the Court does not address the issue.

[Dkt. 77-1 (Farnoli 12/9/2019 Dep. Tr.)]. Thus, the Court declines to strike Claimant's motions, and overrules Petitioners' objection.

It is so ordered.

/s/

**Honorable Vanessa L. Bryant**

**District of Connecticut**

Dated at Hartford, Connecticut: March 30, 2020